IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

      Plaintiff,                                    No. CIV S-05-0690 GEB KJM PC

      vs.

DIRECTOR OF CORRECTIONS, et al.,

      Defendants.                       FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss in which defendants assert plaintiff has failed to exhaust administrative remedies with respect to his claims and has failed to state a claim upon which relief can be granted. Plaintiff has opposed the motion. Defendants have not filed a reply.

I. Standard

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial

/////

/////

1

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

II.  Plaintiff's Allegations

Plaintiff, a state prisoner incarcerated at the High Desert State Prison, alleges that on June 7, 2003, defendants Peddicord, Lynn, Fleming, Urquizu and Madrigal threw him against a wall and then onto the ground in retaliation for exercising his First Amendment rights.  Compl. at 6:6-13, 14:3-15.[1]  Plaintiff further alleges that later that same day, June 7, 2003, defendants Lynn, Madrigal and Urquizu put him in a three-by-three foot holding cell for at least seven hours in retaliation for exercising his First Amendment rights.  Id. at 6:16-22.  Plaintiff alleges that he

---

[1] Plaintiff alleges that shortly before being accosted by defendants, he had "questioned staff regarding the legality of being strip searched by female staff." Compl. at 6:1-3.  Thus, plaintiff alleges, it was this exercise of his First Amendment rights that serves as the underlying basis for the retaliation claims.

was subject to administrative segregation from June 7 to 10, 2003, during which time he was denied food by defendant Doyle in retaliation for exercising his First Amendment rights. Id. at 6:24-7:18, 14:17-20. The facts surrounding the events between June 7 and 10, 2003 are referred to collectively herein as "Incident 1."

Plaintiff alleges that on November 26, 2003 he was placed in administrative segregation as a result of a false report filed against him by defendant Hamilton. Plaintiff further alleges the false report was filed in retaliation for plaintiff's exercising his First Amendment rights. Id. at 12:1-13:17, 17:1-6. Plaintiff alleges that he had exercised his First Amendment rights by protesting, to defendant Hamilton, the limited access to the library he had recently received. The facts surrounding the alleged false report are referred to here as "Incident 2."

While in administrative segregation, plaintiff alleges that he put in a health needs request complaining of "sleeplessness, headaches, depression and wanting to harm self or others." Id. at 8:16-21 (emphasis in original). Plaintiff alleges he was placed in a holding cell and questioned, by defendants Doyle and Unterreiner, about his mental health needs request in violation of his right to confidentiality. When plaintiff refused to discuss his mental health issues, plaintiff alleges punitive actions were taken against him. Id. at 9:3-21, 15:16-23. Finally, plaintiff alleges that defendants Fleischman and Salenger refused to supply medical treatment to plaintiff in retaliation for plaintiff's refusal to discuss his mental health issues. Id. at 10:23-11:13, 16:15-22. The facts surrounding the alleged retaliation for refusing to divulge mental health issues are referred to as "Incident 3."

In this court's December 6, 2005 order, plaintiff's complaint was found to state colorable claims for relief against defendants Peddicord, Fleming, Urquizu, Madriga, Lynn, Doyle and Hamilton under the First Amendment; against defendant Unterreiner under the First and Eighth Amendments; and against defendants Salenger and Fleischman under the Eighth Amendment.

/////

III. <u>Analysis of Motion to Dismiss for Failure to Exhaust Administrative Remedies.</u>

Defendants argue that plaintiff failed to exhaust administrative remedies prior to initiating the current action and thus, the action must be dismissed. In support of their motion, defendants present the declaration of S. Babich, Inmate Appeals Coordinator at High Desert State Prison. In the declaration, Babich indicates that based on a search of plaintiff's appeals file, there is no record of plaintiff having submitted a CDCR 602 Inmate Appeals Form ("602")[2] that was accepted for review regarding any First Amendment retaliation claims stemming from Incident 1 involving defendants Peddicord, Fleming, Urquizui, Madrigal, Lynn and Doyle. Decl. of S. Babich at 2:25-28, 3:1-3. Additionally, Babich's declaration indicates that plaintiff's appeal file has no record of a 602 being accepted for review regarding an alleged First Amendment retaliation claim resulting from Incident 2. Id. at 3:4-5. Defendants further assert that of the 602s that plaintiff did file, and that were accepted and ultimately exhausted, none pertains to the allegations of this lawsuit and thus none can serve to exhaust administrative remedies. Mot. to Dismiss at 4-5. Defendants make no arguments suggesting that plaintiff failed to exhaust administrative remedies with regard to the First and Eighth Amendment claims against defendant Unterreiner or the Eighth Amendment claims against defendants Salenger and Fleischman.

Plaintiff alleges that he has exhausted all administrative remedies made available to him. Specifically, in his complaint, which is unverified, plaintiff alleges that on June 12, 2003 he submitted a 602 to a representative of High Desert State Prison and that this 602 directly corresponds to Incident 1. Compl. at 8:1-8. In his opposition, which is verified, plaintiff acknowledges that the 602 was never received by the Appeals Coordinator but alleges that the 602 was not received because of "staff misconduct in failing to follow the law and their own procedure." Opp'n at 3. In essence, plaintiff alleges that he completed a 602 regarding Incident

---

[2] A 602 is a formal written appeal whereby prisoners can administratively appeal a "decision, action, condition, or policy which they can demonstrate as having an adverse effect on their welfare" made by any officer of the CDCR. <u>See</u> Cal. Code regs., tit. 15 § 3084.1(a).

1 but that employees at High Desert State Prison interfered with his ability to get it filed. Plaintiff presents a similar argument about the 602 he attempted to file with regard to Incident 2. Id. at 6. Additionally, plaintiff argues that while the December 4, 2003 602 may not have mirrored the exact language of his complaint, it was sufficient to put defendants on notice of the nature of plaintiff's claim regarding Incident 3. Id. at 7-9.

### A.    Incident 1

Plaintiff has filed a separate declaration in support of his opposition, alleging that on or about June 12, 2003 he personally submitted a completed 602 to Sergeant Neal, an employee of High Desert State Prison. Decl. of G. Spence, ¶ 3. Plaintiff states that the 602 in question fully describes the basis for a First Amendment retaliation claim arising out of the events of June 7, 2003. Id. Defendants rely solely on the Babich declaration in asserting that no 602 was received for the incident in question. Decl. of S. Babich at 2-3. The Babich declaration specifically says the appeal office "does not have any record or [sic] copies of [] 602s submitted by [plaintiff], which were accepted for review . . ." Id. at 2:22-24. Defendants' framing of the issue in this way fails to respond to plaintiff's argument. If employees of High Desert State Prison are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been "accepted." While prisoners must exhaust all "available" remedies, Woodford v. Ngo, 548 U.S. ___, 126 S.Ct. 2378, 2381 (2006) (citing to 42 U.S.C. § 1997e(a)), where employees of the prison prevent inmates from filing 602s, the administrative remedy is not "available" and the defendants may be estopped from raising non-exhaustion as an affirmative defense. Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004); see also Ziemba v. Wezner, 366 F.3d 161, 163-64 (2nd Cir. 2004); see also Hernandez v. Schriro, No. CV05-2853-PHX-DGC, 2006 WL 2989030, at *3-4 (D. Ariz. Oct. 18, 2006) (adopting the 2nd Circuit's approach to determining whether administrative remedies are available in civil rights actions filed under 42 U.S.C. § 1983). Based on the slim record before the court, defendants have failed to meet their burden in showing that plaintiff failed to exhaust administrative remedies regarding

5

1 | Incident 1.  See Wyatt, 315 F.3d at 1117-19.

2 |   B.  Incident 2

3 |     The parties pursue similar arguments regarding Incident 2, based on the alleged
4 | false report in November 2003.  Plaintiff provides a declaration asserting that he completed a 602
5 | describing the way in which defendant Hamilton retaliated against him for the exercise of his
6 | First Amendment rights.  Plaintiff further describes handing the 602 over to a staff member of
7 | High Desert State Prison and then receiving no response from anyone on the Appeal Board.
8 | Decl. of G. Spence ¶ 8.  Plaintiff asserts that the staff member he gave the 602 to later told him
9 | that he or she had found the 602 "in a desk drawer," thereby making his administrative remedy
10 | "not available."  Id. at ¶ 9; Opp'n at 4-5.  Again, defendants rely solely on the declaration of
11 | Babich in asserting that there is no record of a 602 having been received for the incident in
12 | question, Decl. of S. Babich at 2-3, and have not responded to plaintiff's assertion.  Defendants
13 | have failed to meet their burden in showing that plaintiff failed to exhaust administrative
14 | remedies regarding Incident 2.

15 |   C.  Incident 3

16 |     Plaintiff has exhausted all administrative remedies regarding his claim of First
17 | Amendment retaliation arising out of Incident 3, the alleged failure to divulge medical
18 | information.  Plaintiff's 602 dated December 9, 2003 (log # HDSP-S-03-2533) expressly states
19 | "retaliation for exercise of constitutional right," names defendant Doyle and describes with some
20 | specificity the events described in plaintiff's complaint.  Compl., App. B.  Moreover, plaintiff
21 | received a Director's Level Appeal Decision in response to the 602 on June 18, 2004, some ten
22 | months before filing the present action.  Id.  Accordingly, defendants have not established that
23 | plaintiff failed to exhaust administrative remedies with regard to Incident 3.

24 | IV.  Analysis of Defendants' Motion to Dismiss for Failure to State a Claim

25 |     In addition to asserting that plaintiff has failed to exhaust administrative remedies
26 | with regard to Incident 3, defendants also assert plaintiff has not linked his retaliation claim

against defendants Doyle and Unterreiner to any protected activity and, as such, his claim must be dismissed for failure to state a claim. Mot. to Dismiss at 6.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In ruling on a motion to dismiss, the court generally may not consider any material beyond the pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997). Where the movant submits such outside materials, the court has complete discretion to determine whether or not to exclude it. See, e.g., Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201 (9th Cir. 2003) (upholding trial court's rejection of outside material because it was "superfluous"). Within the prison context:

> [A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Defendants assert that plaintiff has failed to identify any protected First Amendment conduct that precipitated the "retaliatory acts." Mot. to Dismiss at 6. Plaintiff states that defendants Doyle and Unterreiner questioned him about mental health issues and because he refused to answer, defendants took retaliatory action against him. Compl. at 9.

1 Plaintiff has not established how his refusal to speak satisfies the third prong of the Rhodes test --
2 protected conduct under the First Amendment.[3]  Accordingly, defendants' motion to dismiss the
3 First Amendment retaliation claims against Doyle and Unterreiner should be granted.
4         In accordance with the above, IT IS HEREBY RECOMMENDED that:
5         1.  Defendants' June 1, 2006 motion to dismiss for failure to exhaust
6 administrative remedies be denied
7         2. Defendants' June 1, 2006 motion to dismiss for failure to state a claim with
8 regard to the First Amendment retaliation claims against defendants Doyle and Unterreiner be
9 granted, and the case proceed on the remaining claims against defendants Peddicord, Lynn,
10 Fleming, Urquizu, Madrigal, Hamilton, Salenger and Fleischman.
11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  January 6, 2007.

_____
U.S. MAGISTRATE JUDGE

spence0690/jg

---

[3] The court notes that plaintiff attempts to connect the retaliation to an alleged protected privacy right. However, by way of the December 6, 2005 order the court screened out all but plaintiff's First and Eighth Amendment claims and plaintiff fails to show how the claimed privacy violation falls within the purview of the First or Eighth Amendments.